United States District Court
Southern District of Texas
**ENTERED**
November 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ART SADIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-00092 |
| | § | |
| ST. PAUL STAMP WORKS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Art Sadin's ("Sadin") Unopposed Motion to Reinstate Case on Docket. Dkt. 19. Having reviewed the motion and the deadlines in this case, the Court **DENIES** the motion.

Sadin moves the Court to reinstate this case after dismissal for want of prosecution because "Plaintiff has complied with service and filing as required by this Honorable Court" and his failure to timely communicate that fact was "an act or omission which was not intentional or the result of conscious indifference but was due at worst to an accident or mistake." Dkt. 19 at 1. The Court disagrees.

Sadin has not successfully served the Defendant, St. Paul Stamp Works, Inc. ("St. Paul"), pursuant to Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(e) (for the rules on serving a party within a judicial district of the United States). The record reflects that Sadin has merely mailed a copy of the summons and complaint to someone who has the same last name as St. Paul's registered agent—at a law firm that does not represent St. Paul. *See* Dkt. 19-4, 19-5, 19-6. Specifically, Sadin filed an affidavit of service with

the Court that states that service was made on "Ian Dobberstein." *Id.* However, Sadin also filed a report with this Court that states that the registered agent for the Defendant is "Eric Dobberstein, PLLC," *not Ian Dobberstein. Id.*

Sadin asserts that service on Ian Dobberstein complies with Rule 4 because the Defendant has failed to provide updated contact information for its registered agent. The Court disagrees. The federal rules provide several ways for a Plaintiff to serve a corporate Defendant who has failed to provide updated contact information for its registered agent, and the Plaintiff has provided no evidence that he has attempted to pursue service through any of these routes. *See* Fed. R. Civ. P. 4(e),(h) (a corporation may be served according to state law "where the district court is located or where service is made."); Nev. R. Civ. P. 4(d)(1) (for an explanation of how service can be properly issued under Nevada law when a corporation has not updated the contact information for its registered agent); *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (for an explanation of how service can be properly issued under Texas law when a corporation has not updated the contact information for its registered agent).

Moreover, Sadin has failed to demonstrate that he has attempted to serve St. Paul at addresses he is aware of, which reasonably appear to be current. Specifically, there is no evidence that Sadin has attempted to serve St. Paul at the address that appears in the most recent correspondence between the parties. *See* Dkt. 19-7 (Sadin has not provided any evidence to demonstrate that it could not serve St. Paul at the address that appears in the last email between the parties). Accordingly, this Court finds that Sadin has not exercised reasonable diligence in prosecuting its case and therefore dismisses this case

for want of prosecution. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[1]

For the foregoing reasons, Plaintiff's Unopposed Motion to Reinstate Case on Docket (Dkt. 19) is **DENIED**.

SIGNED at Galveston, Texas, this 28th day of November, 2018.

George C. Hanks Jr.
United States District Judge

---

[1] Sadin also asserts that this motion is unopposed because "Defendant has not filed an Answer nor appeared even though it has actual notice of the suit in question and has been properly served." Dkt. 19 at 2. This statement misrepresents St. Paul's support for Sadin's motion. Choosing not to answer or appear does not mean that the Defendant is unopposed to all relief the Plaintiff may subsequently request. Sadin should not represent that a motion is unopposed unless he receives an affirmative representation from St. Paul that it supports a given motion.